Case 1:17-cv-00067   Document 9   Filed on 06/28/17 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
June 28, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **EULOGIO MARTINEZ-ARELLANO,** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 1:17-67 |
| | § | Criminal No. B:15-896-1 |
| **UNITED STATES OF AMERICA,** | § | |
| Respondent. | § | |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On April 3, 2017, Petitioner Eulogio Martinez-Arellano filed a Motion to Vacate, Set Aside, or Correct his Sentence, pursuant to 28 U.S.C. § 2255. Dkt. No. 1.

The Court has an independent obligation to review the record and the pleadings; "if it plainly appears" that the petitioner is not entitled to relief, the Court "must dismiss" the petition without ordering the Government to respond. Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS.

After conducting that review, and for the reasons discussed below, the Court **RECOMMENDS** that the petition be denied as meritless.

### I. Procedural and Factual Background

On October 6, 2015, a federal grand jury – sitting in Brownsville, Texas, – indicted Martinez-Arellano for illegally re-entering the United States after having been previously deported[1], a violation of 8 U.S.C. §§1326(a) and 1326(b). U.S. v. Martinez-Arellano, Criminal No. 1:15-896-1, Dkt. No. 7 (hereinafter "CR").

---

[1] While the indictment alleged that Martinez-Arellano had been convicted of a felony, that prior felony conviction is a sentencing factor, not an element of the offense under 8 U.S.C. § 1326. U.S. v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007). Accordingly, the inclusion of the allegation of a prior felony was "mere surplusage." U.S. v. Granados, 355 Fed. App'x. 823 (5th Cir. 2009)(unpubl.).

### A. Re-Arraignment

On November 18, 2015, Martinez-Arellano appeared before the Magistrate Judge and entered a guilty plea – without a written plea agreement – to illegally re-entering the United States. CR Dkt. No. 14.

The Magistrate Judge issued a report and recommendation, which recommended that the District Judge accept Martinez-Arellano's guilty plea. CR Dkt. No. 14.

On December 11, 2015, the District Judge adopted the report and recommendation, accepting Martinez-Arellano's plea of guilty. CR Dkt. No. 16.

### B. Sentencing & Direct Appeal

In the final presentence report ("PSR"), Martinez-Arellano was assessed a base offense level of eight. CR Dkt. No. 19, pp. 4-5. He was also assessed a 16-level enhancement for a prior drug trafficking conviction – a 2003 federal conviction for conspiracy to distribute and possess more than 500 grams of methamphetamine. Id. He was given a three-level reduction for acceptance of responsibility. Id. Thus, Martinez-Arellano was assessed a total offense level of 21. Id.

Regarding his criminal history, Martinez-Arellano had two adult criminal convictions and was assessed three criminal history points. CR Dkt. No. 20, p. 5-7. He was assessed an additional two criminal history points because he was on federal supervised release at the time he committed the instant offense. Id. Thus, he was assessed 5 total criminal history points, resulting in a criminal history category of III. An offense level of 21 and criminal history category of III, produced a sentencing guideline imprisonment range of 46 to 57 months.

On February 18, 2016, Martinez-Arellano, through counsel, objected to the PSR, arguing that the 16-level enhancement for his prior drug trafficking conviction "results in an unreasonably long sentence that is much more than necessary to accomplish the objectives of 18 U.S.C. § 3553(a)." CR Dkt. No. 26.

On February 22, 2016, the Court held the sentencing hearing. CR Dkt. No. 37. At that hearing, Martinez-Arellano's counsel reiterated her objection that the application of the sentencing guideline resulted in an unreasonably harsh sentence; the objection was overruled. Id.

The Court sentenced Martinez-Arellano to 46 months of incarceration, three years of supervised release, and a $100 special assessment, the last of which was ordered remitted. CR Dkt. No. 37.[2]  The judgment was entered on March 14, 2016. CR Dkt. No. 33.

### C. Direct Appeal

Martinez-Arellano timely filed a notice of direct appeal. CR Dkt. No. 30.  On direct appeal, Martinez-Arellano's appellate counsel moved to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967). CR Dkt. No. 41.  In response to that motion, Martinez-Arellano filed a brief with the Fifth Circuit, arguing that he did "not believe it [was] fair" that he was "sentenced to a higher level due to an old felony in my record." U.S. v. Martinez-Arellano, Case No. 16-40319, June 23, 2016.  He argued that he was "being punished for a crime which I already served time." Id.  He also argued that he was given "a much higher sentence than many others." Id. [3]

On September 20, 2016, the Fifth Circuit granted appellate counsel's motion to withdraw and dismissed Martinez-Arellano's appeal, finding that it contained no nonfrivolous issues for appellate review. Id.

Neither the Fifth Circuit docket, nor the Supreme Court docket, reflect the filing of a petition for a writ of certiorari with the Supreme Court of the United States.  Therefore, Martinez-Arellano's conviction became final on December 19, 2016, when the time for filing such a petition expired. Clay v. U.S., 537 U.S. 522, 532 (2003).

### D. Motion to Vacate, Set Aside or Correct Sentence Pursuant to § 2255

On March 20, 2017, Martinez-Arellano filed a motion pursuant to 28 U.S.C. § 2241, requesting that the District Court vacate, set aside, or correct his sentence. Dkt. No. 1.

On March 22, 2017, the Court issued an order, noting that the only vehicle for the relief sought by Martinez-Arellano would be a petition pursuant to 28 U.S.C. § 2255. Dkt.

---

[2]  Martinez-Arellano's supervised release for his prior drug trafficking conviction was revoked and he was sentenced to four months of incarceration, with two months to be served consecutively and two months to be served concurrently with his sentence in the instant case. CR Dkt. No. 37.

[3]  The Court notes that these are the same claims that he raises in the instant § 2255 petition.

No. 4. Pursuant to Castro v. U.S., 540 U.S. 375 (2003), the Court warned Martinez-Arellano that this § 2255 petition would likely be his only chance to collaterally attack his conviction or sentence. Dkt. No. 4. The Court ordered that, "if Martinez-Arrellano wishes to pursue a petition pursuant to 28 U.S.C. § 2255, he shall amend the petition to include any and all claims that he believes to be meritorious and shall file that amended petition no later than April 24, 2017." Id.

On April 3, 2017, Martinez-Arellano timely filed the amended § 2255 petition. Dkt. No. 8. In that petition, he raised two overarching claims for relief: (1) his sentence was unlawfully enhanced by a prior conviction, resulting in him serving additional time for a crime that he already served time for; and (2) his sentence was higher than that imposed upon other § 1326 defendants. Id.

Pursuant to Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS, because the petition is meritless on its face, the Court has not ordered the Government to respond to it.

## II. Applicable Law

### A. Section 2255

Martinez-Arellano seeks relief pursuant to 28 U.S.C. § 2255. Dkt. No. 1. That section provides, as relevant here:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

Where a petitioner exhausts or waives his direct appeal, the Court is entitled to presume that he was fairly convicted. U.S. v. Frady, 456 U.S. 152, 164 (1982); U.S. v. Willis, 273 F.3d 592, 595 (5th Cir. 2001). A petitioner who seeks to challenge a final conviction by collateral attack, can do so on constitutional or jurisdictional grounds. 28 U.S.C. § 2255(a); U.S. v. Shaid, 937 F.2d 228, 233 (5th Cir. 1991).

**B. Law of the Case**

"[I]ssues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 motions." U.S. v. Kalish, 780 F.2d 506, 508 (5th Cir. 1986) (citing U.S. v. Jones, 614 F.2d 80, 82 (5th Cir. 1980)); U.S. v. Rocha, 109 F.3d 225, 229 (5th Cir. 1997). Any decision made by the Fifth Circuit on direct appeal constitutes the "law of the case" for purposes of the § 2255 action. U.S. v. Goudeau, 512 Fed. App'x. 390, 393 (5th Cir. 2013) (unpubl.) (U.S. v. Troutman, 16 F.3d 1215 (5th Cir. 1994)).

"Under the law of the case doctrine, an issue of fact or law decided on appeal may not be re-examined either by the district court on remand or by the appellate court on a subsequent appeal." U.S. v. Matthews, 312 F.3d 652, 657 (5th Cir. 2002) (internal quotation marks omitted). The limitation imposed by the law of the case doctrine is not jurisdictional, but discretionary. Id. "The law of the case doctrine generally instructs that a prior decision of [the appellate] court will be followed without re-examination ... unless (I) the evidence at a subsequent trial is substantially different; (ii) controlling authority has since made a contrary decision of the law applicable to such issues; or (iii) the decision was clearly erroneous and would work a manifest injustice." U.S. v. Bonilla-Mungia, 200 Fed. App'x. 376 (5th Cir. 2006) (unpubl.) (quoting U.S. v. Becerra, 155 F.3d 740, 752-53 (5th Cir. 1998)).

**III. Analysis**

A court may entertain and decide a § 2255 motion without requiring the production of the prisoner at a hearing. 28 U.S.C. § 2255. Further, a district court may deny a § 2255 motion without an evidentiary hearing "only if the motion, files, and records of the case conclusively show the prisoner is entitled to no relief." U.S. v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992). The record in this case satisfies this requirement, for which reason the motion can be decided without a hearing.

In analyzing Martinez-Arellano's claim, the Court is required to construe allegations by pro se litigants liberally, to ensure that their claims are given fair and meaningful consideration, despite their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972). While the Court will "read pro se complaints liberally, pro se litigants must still

5

comply with the law and procedural rules." Washington v. E. Baton Rouge Par. Sch. Sys., 471 F. App'x 306 (5th Cir. 2012).

As previously noted, on direct appeal, Martinez-Arellano's counsel filed an Anders brief, asserting that there were no non-frivolous grounds for relief. CR Dkt. No. 41. In response to that motion, Martinez-Arellano filed a brief with the Court, raising the same issues that he raises in the instant proceeding. U.S. v. Martinez-Arellano, Case No. 16-40319, June 23, 2016. The Fifth Circuit explicitly stated that it reviewed Martinez-Arellano's brief in deciding his appeal. CR Dkt. No. 41 ("We have reviewed counsel's brief and the relevant portions of the record reflected therein, as well as Martinez-Arellano's response."). The Fifth Circuit ruled that "the appeal presents no nonfrivolous issue for appellate review." Id. By necessary implication, the Fifth Circuit found that the issues raised in Martinez-Arellano's brief were meritless.

Because those issues were decided on direct appeal, the Court cannot consider them in these proceedings. Kalish, 780 F.2d at 508. As previously noted, the Court may only review those issues if (1) there is a subsequent trial with substantially different evidence; (2) the controlling law has changed; or, (3) the decision was clearly wrong and created a manifest injustice. Becerra, 155 F.3d at 752-53. Martinez-Arellano has not shown that any of these factors are applicable to this case; the record also establishes that none of them are applicable.

Given the inapplicability of the exceptions, this Court is bound to apply the Fifth Circuit's decision that there were no sentencing errors. Becerra, 155 F.3d at 753 ("If the circumstances after remand do not fall into one of the exceptions...then the district court is constrained to follow the mandate issued by the appellate court.") (quoting Litman v. Massachusetts Mut. Life Ins. Co., 825 F.2d 1506, 1516 (11th Cir. 1987)).

Accordingly, Martinez-Arellano's claims should be denied.[4]

## IV. Recommendation

WHEREFORE it is **RECOMMENDED** that the Petitioner Eulogio Martinez-Arellano's Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255, Dkt. No. 8, be **DENIED** as meritless.

### A. Certificate of Appealability

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2255 motion to the Fifth Circuit. 28 U.S.C. § 2253(a),(c)(1). A petitioner may receive a COA only if he makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. Id. at 327; Moreno v. Dretke, 450 F.3d 158, 163 (5th Cir. 2006). A district court may sua sponte rule on a COA because the court that denies relief to a petitioner is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

After reviewing Martinez-Arellano's § 2255 motion and the applicable Fifth Circuit precedent, the Court is confident that no outstanding issue would be debatable among jurists of reason. Although Martinez-Arellano's § 2255 motion raises issues that the Court has carefully considered, he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, it is **RECOMMENDED** that a COA should be denied.

---

[4] The Court notes that, even if it were to consider the merits of Martinez-Arellano's claims, the result would be no different. The Fifth Circuit has previously decided that "double jeopardy principles are not offended by the use of prior convictions to enhance subsequent convictions." U.S. v. Simpson, 796 F.3d 548, 555 (5th Cir. 2015). Furthermore, a sentence within the appropriate guideline sentence range is presumptively reasonable. U.S. v. Mondragon-Santiago, 564 F.3d 357, 360 (5th Cir. 2009). Martinez-Arellano has not submitted any evidence to rebut this presumption of reasonableness.

**B. Notice to Parties**

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1) (eff. Dec. 1, 2009). Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court, except upon grounds of plain error or manifest injustice. See § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

DONE at Brownsville, Texas, on June 28, 2017.

_____
Ronald G. Morgan
United States Magistrate Judge